Tharon L. BARON, Kenneth O. Binkley, Richard L. Bowman, Jay L. Bradley, David E. Buller, Donald L. Dixon, Leonard H. Dohner, Melvin D. Dupler, Ronald E. Dwyer, Gaston H. Edwards, Robert L. Eichler, Gilbert T. Engle, A. Eugene Enterline, Gary E. Fanus, Jacob D. Floyd, Galen W. Fry, Donald A. Garvin, Donald E. Gibble, Theodore E. Groff, Ralph R. Heffley, Harry B. Hess, Richard C. Null, Warren L. Hilt, Richard P.

Hecker, Wayne N. Kauffman, Harry W. Kline, Jr., Wesley D. Kulp, James E. Landis, William K. Lehman, Ronald E. Little, Ronald M. Long, Donald L. McGarvey, Larry C. Mayer, John P. Quino, Sr., Paul M. Schwanger, Franklin B. Shaak, David Shelly, Jr., James A. Simala, Paul E. Thomas, Stephen C. Wagner, James I. Weit, Robert C. Weit, Jr., James L. Wickenheiser, Plaintiffs,

v.

NATIONAL–STANDARD COMPANY, Defendant.

Civ. A. No. 93–CV–4953.

United States District Court, E.D. Pennsylvania.

April 28, 1994.

Ira H. Weinstock, Ronald T. Tomasko, Ira H. Weinstock, P.C., Harrisburg, PA, for plaintiffs.

Susan Katz Hoffman, Robert S. Hawkins, Susan K. Lessack, Pepper Hamilton & Scheetz, Philadelphia, PA, for defendant.

## *OPINION AND ORDER*

VAN ANTWERPEN, District Judge.

Plaintiffs commenced this civil action against defendant in the Court of Common Pleas of Lancaster County, Pennsylvania by filing a Complaint on September 10, 1993 alleging that defendant had violated the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.,* by failing to remit severance payments to the plaintiffs in connection with defendant's sale of its Mount Joy manufacturing plant. Plaintiffs seek severance payments, as well as liquidated damages, fringe benefits or wage supplements due and owing under the Pennsylvania statute. On September 14, 1993, defendant removed the case to this court, pursuant to 28 U.S.C. § 1441(b), claiming both federal question and diversity jurisdiction. 28 U.S.C. §§ 1331 and 1332.

Plaintiffs now move to amend their complaint pursuant to F.R.Civ.P. 15(a), and defendant cross-moves for summary judgment pursuant to F.R.Civ.P. 56(c). Plaintiffs seek to add to their Complaint a breach of con-

tract claim under Section 301 of the federal Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Defendant has responded with two motions for summary judgment. In its first motion, defendant alleges that plaintiffs' Pennsylvania WPCL claims are preempted by both § 301 of the LMRA, 29 U.S.C. § 185, and § 502(a)(1)(B) of the federal Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B). Defendant also moves for summary judgment as to plaintiffs' newest breach of contract claim under Section 301 of the LMRA in the event that this court permits plaintiffs to amend their Complaint.

## I. AMENDMENT OF PLEADINGS

■ Pursuant to this court's Order of November 5, 1993, the parties were permitted to conduct discovery until February 4, 1994. On February 22, 1994, plaintiffs filed a Motion to Amend their Complaint, alleging that discovery had revealed an alternative theory of recovery under Section 301 of the LMRA. 29 U.S.C. § 185. Fed.R.Civ.P. 15(a) provides that "a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[1] The Supreme Court has identified several factors to be considered when applying Rule 15(a):

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is

not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The Third Circuit has interpreted these factors to mean that "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell & Co. v. Occupational Safety & Health Review Comm'n,* 573 F.2d 820, 823 (3d Cir.1978). In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc.,* 663 F.2d 419, 425 (3d Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982).

■ Defendant alleges that all of the *Heyl* factors are present in this case. First, defendant contends that there has been an undue delay in the filing of this motion. In balancing the equities in this matter, we must initially note that delay alone is an insufficient reason to deny a motion to amend. The critical factors to be examined are notice and substantial prejudice. *Cornell & Co. v. Occupational Safety & Health Review Comm'n,* 573 F.2d at 823.

However, when taking the measure of prejudice in a case, it is necessary to weigh the plaintiffs' reason for any delay in raising the issue proposed for amendment against the prejudice likely to be suffered by the defendant. *Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir.1993). "[T]he longer the period of unexplained delay the less will be required of the nonmoving party to show prejudice." *Advocat v. Nexus Industries, Inc.,* 497 F.Supp. 328, 331 (D.C.Del.1980).

Of great concern to this court is plaintiffs' failure to include the claim they now wish to add, which is breach of contract under Section 301 of the LMRA, 29 U.S.C. § 185, in the initial filing of their complaint. The facts of the proposed First Amended Complaint were well known to plaintiffs at the time they

---

1. Although plaintiffs' counsel indicated in its Motion to Amend Complaint that it was moving under Fed.R.Civ.P. 15(b), we find that section inapplicable here but will consider plaintiffs' motion as one properly brought under Fed.R.Civ.P. 15(a).

filed their original complaint in state court. We find it significant that plaintiffs offer no reason for their failure to include the LMRA claim in their original complaint. Plaintiffs offer only the conclusory statement that "discovery ... has revealed that the Plaintiffs may have an alternative theory of recovery against the Defendant." *See* Plaintiffs' Motion for Leave of Court to Amend Complaint, p. 3. In short, the facts underlying this "new" theory of recovery were known to the plaintiffs prior to the filing of their original complaint.

However, the most significant matter to be considered here is the potential prejudice to the defendant should the motion to amend be granted. In this case, defendant suffers little prejudice by the proposed amendment, which introduces a new theory for relief under the LMRA, since National–Standard itself first considered this theory in alleging that the plaintiffs' state law claims were preempted by the LMRA. In fact, defendant removed this case from state court in part on those same grounds.[2] *See* Notice of Removal, p. 3. While plaintiffs unquestionably wanted to be in state court rather than federal court, the mere fact that plaintiffs now attempt to clarify their claims by adding a federal cause of action is not cause to find that they acted improperly. *See, e.g., Minor v. Northville Pub. Sch.*, 605 F.Supp. 1185, 1201 (E.D.Mich.1985) ("Filing a motion for leave to amend after prompting by opposing counsel's motion for dismissal is not bad faith"). We do not believe that a plaintiff who appears to be pursuing a particular cause of action is precluded from modifying her pleadings so as to express a different cause of action, if the new theory fits with the facts of her case.[3]

For the foregoing reasons, and to permit plaintiffs an opportunity to litigate their claim for severance pay, we will grant the plaintiffs' motion for leave to file an amended complaint which includes a breach of contract claim under the LMRA.

## II. FACTUAL BACKGROUND

Plaintiffs were all formerly employed by defendant, National–Standard Company ("National–Standard"), at its facility in Mount Joy, Pennsylvania. (Plaintiffs' Complaint, ¶ 2.) Plaintiffs were also members of a bargaining unit of the National–Standard Independent Workers Union ("the Union"). (Plaintiffs' Responses and Objections to Defendant's First Request for Admissions [hereinafter "Plaintiffs' Admissions"], p. 1.)

National–Standard negotiated the sale of its Mount Joy plant with a Pennsylvania corporation, Mount Joy Wire Corporation, in August 1991. (Complaint, ¶ 4.) In separate negotiations, National–Standard also reached agreement with its Union concerning the sale

2. It is well established that generally a federal law defense is insufficient by itself to permit removal to federal court because of the "well-pleaded complaint rule," which requires that the federal question be on the face of the complaint in order for federal jurisdiction to exist. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). Despite this general rule, the courts have carved out an important exception in those cases where the plaintiff's complaint masks a federal claim that *completely* preempts state law. "Once an area of state law has been completely pre-empted, *any claim* purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430, 96 L.Ed.2d 318 (1987) (emphasis added). This "complete preemption corollary" is most often applied in cases involving § 301 of the LMRA, 29 U.S.C. § 185. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. at 2430; *see also Stikes v. Chevron USA, Inc.*, 914 F.2d 1265, 1267 (9th Cir.1990), *cert. denied*, 500 U.S. 917, 111 S.Ct. 2015, 114 L.Ed.2d 101 (1991). The "complete preemption corollary" also applies to suits brought under § 502(a) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a). *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66–67, 107 S.Ct. 1542, 1547–48, 95 L.Ed.2d 55 (1987).

In this case, although plaintiffs' original Complaint included only state law claims, defendant company invoked the Supreme Court's "complete preemption corollary," citing to both statutes mentioned above, the LMRA and the Employee Retirement Income Security Act, in removing the case to this court.

3. Defendant also contends that plaintiffs' new claim is futile and fails as a matter of law on the undisputed facts. For the reasons detailed in the section below, we find that there are unresolved genuine issues of fact relating to plaintiffs' federal claim under Section 301 of the LMRA. 29 U.S.C. § 185.

of the plant and completed a collective bargaining agreement on August 15, 1991. (Plaintiffs' Admissions, p. 1.) The collective bargaining agreement covered, *inter alia,* pension and retirement benefits, termination and severance pay, and the settlement of existing grievances. (Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend Complaint [hereinafter "Defendant's Opposition Memorandum"], Exhibit D, Collective Bargaining Agreement, August 15, 1991.) Part VI of the collective bargaining agreement purports to supersede any prior "agreements, representations or understandings, oral or written, between the parties." (*Id.* at 3.)

After the closure and sale of the Mount Joy facility on August 16, 1991, National–Standard remitted what it classified as "severance" pay to nine employees of the Mount Joy plant—all of whom continued to work at the Mount Joy plant after it was sold.[4] (Complaint, ¶ 5; Plaintiffs' Memorandum of Law in Opposition to Defendant's Motions for Summary Judgment [hereinafter "Plaintiffs' Opposition Memorandum"], Exhibits C & D.) Plaintiffs claim that these payments were made in an effort to rid the company of any liability with regard to various fringe benefits that might accrue to employees who were affected by the closure of the Mount Joy facility. (Complaint, ¶ 5.) Plaintiffs allege that they too are entitled to the same payments made to the aforementioned nine Union members, who received a one-time disbursement ranging from $1,822.40 to $2,019.20. (Defendant's Motion for Summary Judgment on State Claims, Exhibit E.) National–Standard contends that plaintiffs are entitled only to those benefits contemplated by the collective bargaining agreement, and because plaintiffs do not meet the qualifications set out in that agreement, they are not owed any payments.

### III. STANDARD OF REVIEW

The defendant has moved for summary judgment with regard to plaintiff's state law claims under the WPCL. In the event that this court would permit the plaintiffs to amend their complaint, which we will for reasons stated above, the defendant has also moved for summary judgment with regard to the plaintiffs' federal breach of contract claim under Section 301 of the LMRA.

In determining a motion for summary judgment, this court must view all facts in the light most favorable to the party opposing the motion. *See Betz Laboratories, Inc. v. Hines,* 647 F.2d 402, 404 (3d Cir.1981). Rule 56(c) of the Federal Rules of Civil Procedure provides that summary "judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

An issue is "genuine" if there is sufficient evidence from which a reasonable jury could find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* at 248, 106 S.Ct. at 2510. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citing 10A Wright, Miller & Kane, *Federal Practice & Procedure,* § 2725, at 93–95 (1983)).

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial *Celotex* burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. at 2554. After the moving

---

4. In a letter dated April 20, 1993, defendant's counsel acknowledged that the nine "separation allowance" disbursements paid by National–Standard on or after August 16, 1991, were actually severance payments made pursuant to the terms of the collective bargaining agreement. See Plaintiffs' Opposition Memorandum, Exhibit I.

party has met its initial burden, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. It is not the role of the court to weigh the evidence, only to determine if there are triable issues. *See Country Floors v. Partnership of Gepner & Ford,* 930 F.2d 1056, 1062 (3d Cir.1991).

## IV. DISCUSSION

### A. *Count I of Complaint: State Law Claim.*

■ Section 301 of the LMRA vests federal district courts with jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce...." 29 U.S.C. § 185. Moreover, the U.S. Supreme Court has held that the LMRA will preempt state law where the state law "conflicts with federal law or would frustrate the federal scheme...." *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 209, 105 S.Ct. 1904, 1910, 85 L.Ed.2d 206 (1985). Section 301 of the LMRA "governs claims founded directly on rights created by collective bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 2431, 96 L.Ed.2d 318 (1987) (quoting *Electrical Workers v. Hechler,* 481 U.S. 851, 859, n. 3, 107 S.Ct. 2161, 2166–67, n. 3, 95 L.Ed.2d 791 (1987)). In this area of federal law, a plaintiff may not evade Section 301 preemption by "casting the suit as a state-law claim." *Electrical Workers v. Hechler,* 481 U.S. at 859 & n. 3, 107 S.Ct. at 2167 n. 3 (citing *Allis–Chalmers Corp.,* 471 U.S. at 220, 105 S.Ct. at 1916).

■ In defining the preemptive scope of Section 301 of the LMRA, the *Allis–Chalmers* Court cautioned that federal law would not preempt state law where the state rules "proscribe conduct, or establish rights and obligations, independent of a labor contract." *Allis–Chalmers Corp.,* 471 U.S. at 212, 105 S.Ct. at 1912. Although plaintiffs' original complaint was not a model of clarity, it is evident that they have made a claim for what would commonly be called "severance pay." [5] As the Pennsylvania WPCL contains no provision establishing state rights or duties as to the amount of, or eligibility for severance pay, the plaintiffs cannot allege that a state law entitlement to severance pay exists independently of their collective bargaining agreement. Therefore, we must find that plaintiffs' claim for severance pay pursuant to the WPCL is preempted by Section 301 of the LMRA.[6] 29 U.S.C. § 185.

### B. *Count II of Amended Complaint: Federal Claim.*

■ The defendant has also moved for summary judgment on plaintiffs' new breach of contract claim under Section 301 of the LMRA. 29 U.S.C. § 185. First, the defendant alleges that plaintiffs' Section 301 claim is barred because the plaintiffs have not exhausted the company's internal grievance procedure. Although the defendant insists that this is an undisputed fact (*see* Defendant's Memorandum of Law in Support of Motion for Summary Judgment on Count II of Plaintiffs' Amended Complaint, p. 7), the pleadings and accompanying support do not so indicate. Whether or not the plaintiffs have exhausted or even invoked a grievance procedure required by the collective bargaining agreement *is* presently a disputed material fact since: (a) the collective bargaining agreement entered into on August 15, 1991 contains no provision for future grievances [7]

---

**5.** Black's Law Dictionary defines "severance pay" as:

> Payment by an employer to employee beyond his wages on termination of his employment ... Generally, it is paid when the termination is not due to employee's fault and many union contracts provide for it.

Black's Law Dictionary (West 6th Ed.) (1990).

**6.** Because we find that plaintiffs' claims under the Pennsylvania WPCL are preempted by Section 301 of the LMRA, 29 U.S.C. § 185, we need not and do not reach defendant's preemption claim with regard to the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B).

**7.** The collective bargaining agreement does make reference to "all outstanding grievances" and provides that National–Standard pay into a fund

■ the older collective bargaining agreement dated April 24, 1989 was terminated by the newer agreement (*see* Defendant's Opposition Memorandum, Exhibit D, Collective Bargaining Agreement dated August 15, 1991, Part VII, Termination of Agreement), and (b) a letter dated April 20, 1993, written by defendant's counsel and addressed to plaintiffs' counsel, implies that plaintiffs *were* utilizing some form of an internal grievance procedure in connection with this dispute. *See* Plaintiffs' Opposition Memorandum, Exhibit I. The April 20, 1993 letter states that plaintiffs "have the right to appeal th[e] denial [of severance pay] by filing a written request for review with the Plan Administrator within 60 days from [ ] receipt of this denial." *Id.* This language appears to indicate that the plaintiffs had run the course of National–Standard's grievance procedure to the extent that their complaint was denied and an appeal of that decision was the only available recourse as of April 20, 1993. Because this court finds a factual dispute as to whether plaintiffs could have, should have or, in fact, did exhaust National–Standard's internal grievance procedures, the defendant's motion for summary judgment in that regard is denied.

Alternatively, defendant alleges that the plaintiffs' Section 301 claim is barred by the applicable statute of limitations. In *DelCostello v. International Brotherhood of Teamsters,* the U.S. Supreme Court adopted a uniform statute of limitations in Section 301 cases alleging breach of a collective bargaining agreement. 462 U.S. 151, 171–72, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983). In that case, the Court borrowed the statute of limitations from Section 10(b) of the National Labor Relations Act, and set the limitations period for Section 301 claims at six months. *Id.*

The defendant alleges that plaintiffs' first made a claim for severance payments in January 1993, although they knew they would not receive any payments as early as December 1991. *See* Defendant's Memorandum of Law in Support of Defendant's Motion for Summary Judgment on Count II of Plaintiffs' Amended Complaint, p. 3; Simala Dep. at 44. However, defendant's April 20, 1993 letter, discussed above, informed plaintiffs that they had 60 days to "appeal" the company's decision to deny severance payments. *See* Plaintiffs' Opposition Memorandum, Exhibit I; Plaintiffs' Admission, ¶ 12. In calculating the applicable statute of limitations period in Section 301 cases, the Supreme Court, "has refused to require Union members to exhaust all possible internal remedies for a Section 301 suit to go forward. Instead the Court has created a case-by-case factual standard turning on the issue of when it becomes clear that further appeals would be futile." *Scott v. Local 863, International Brotherhood of Teamsters,* 725 F.2d 226, 229 (3d Cir.1984) (citing *Clayton v. Automobile Workers,* 451 U.S. 679, 689–93, 101 S.Ct. 2088, 2095–97, 68 L.Ed.2d 538 (1981)).

■ The April 20, 1993 letter from defendant's counsel raises the issue of whether or not appeals to National–Standard were futile as of that date. As discussed above, it appears that plaintiffs were utilizing some kind of internal grievance procedures up to at least that date. The letter also states that National–Standard would have continued to consider the plaintiffs' request for severance payments for at least 60 days until June 20, 1993. Thus, no matter whether the statute of limitations period began tolling on April 20, 1993 (when the defendant formally refused plaintiffs' request), or on June 21, 1993 (when the time for "appeal" of National–Standard's denial expired), the plaintiffs' lawsuit filed September 10, 1993, is timely filed within the 6–month statute of limitations period.[8] Therefore, on the information before

___

(to be distributed by the Union) for grievants "[i]n full and complete satisfaction" of those outstanding grievances against the company. *See* Defendant's Opposition Memorandum, Exhibit D, CBA dated August 15, 1991, Part IV, Settlement of Grievances, p. 3.

8. Federal Rule of Civil Procedure 15(c) provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." Fed.R.Civ.P. 15(c). The original pleading in this case was filed on September 10, 1993 with the Lancaster County Court of Common Pleas. Because this case was subsequently removed to this court, we adopted that complaint

us, we reject defendant's motion for summary judgment on the grounds that plaintiffs' claim is time-barred.

## V. CONCLUSION

For the reasons outlined in the foregoing memorandum, we will grant plaintiffs' motion for leave to amend the complaint. We also grant defendant's motion for summary judgment with respect to Count I of the Complaint dealing with plaintiffs' original claims arising under the Pennsylvania WPCL. We deny defendant's motion for summary judgment with respect to Count II of the Amended Complaint concerning plaintiffs' newly added breach of contract claim under Section 301 of the LMRA.

An appropriate order follows.

### *ORDER*

AND NOW, this 28th day of April, 1994, upon consideration of Plaintiffs' Motion for Leave of Court to Amend the Complaint, filed on February 22, 1994, as well as Defendant's Response and Reply thereto, filed on March 1, 1994, it is hereby **ORDERED** that Plaintiffs' Motion is hereby **GRANTED. IT IS FURTHER ORDERED** as follows:

1. Defendant's Motion for Summary Judgment, filed on February 18, 1994, is **GRANTED** in Defendant's favor with regard to Count I of Plaintiffs' Complaint;

2. Defendant's Motion for Summary Judgment, filed on March 1, 1994, is **DENIED** with regard to Count II of Plaintiffs' Amended Complaint;

3. Plaintiffs' Motion for Leave of Court to File a Surrebuttal Brief, filed on April 4, 1994, is **DENIED** as moot.

as if it were filed originally in federal court. 28 U.S.C. § 1447(a).